**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| KEVIN DONNELL MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:26-cv-01827 (UNA) |
| | ) | |
| OLIVIA BASTIAMPILLAI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the court on Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed in *forma pauperis* ("IFP"), ECF No. 2.  Plaintiff's IFP Application is granted, and for the reasons explained below, this matter is dismissed.

Plaintiff, a resident of Maryland, sues an official associated with the Federal Aviation Administration ("FAA").  *See* Compl. at 2.  Plaintiff alleges that Defendant and the FAA engaged in "unauthorized purging of grant applications" that he submitted to the FAA on behalf of himself and his company, Alkebulan Airlines Corporation.  *See id*. at 16.  He contends that this purging violated the Federal Records Act, the Administrative Procedure Act, and the Fifth and Fourteenth Amendments.  *See id*. at 9–12, 16–22.  He demands damages and equitable relief.  *See id*. at 22–26.

Plaintiff's claims are barred by *res judicata*.  "The doctrine of *res judicata* prevents repetitious litigation involving the same causes of action or the same issues."  *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co*., 723 F.2d 944, 946 (D.C. Cir. 1983).  And a court may dismiss a claim or issue *sua sponte* when it is on notice that that the claim or issue has been previously decided, in an effort to prevent "unnecessary judicial waste."  *Walker v. Seldman*, 471 F. Supp. 2d

106, 114 n.12 (D.D.C. 2007) (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000) (internal quotation marks omitted)); *see accord Rosendahl v. Nixon*, 360 Fed. Appx. 167, 168 (D.C. Cir. 2010) (courts "may raise the *res judicata* preclusion defense *sua sponte*") (citing *Brown v. Dist. of Columbia*, 514 F.3d 1279, 1285–86 (D.C. Cir. 2008)) (other citation omitted).  More specifically, *res judicata* and *collateral estoppel* "are so integral to the administration of the courts that a court may invoke [them] *sua sponte*[,]" *Fenwick v. United States*, 691 F. Supp. 2d 108, 116 (D.D.C. 2010) (alterations in original) (quoting *McGee v. District of Columbia*, 646 F. Supp. 2d 115, 123 (D.D.C. 2009); citing *Stanton v. District of Columbia Court of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997)), because the Court bears a responsibility to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation[,]" *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

Plaintiff already unsuccessfully filed a substantially similar, if not identical, lawsuit against the same Defendant in the U.S. District Court for the District of Maryland.  *See Murphy v. Bastiampillai*, No. 24-cv-01808 (D. Md. filed June 21, 2024) ("*Murphy I*"), at Complaint, ECF No. 1; *see id.* at Memorandum Opinion (Sept. 25, 2025), ECF No. 47; Order (Sept. 25, 2025) (granting Defendants' Motion for Summary Judgment), ECF No. 48.

Whether a case is duplicative turns on whether the two cases at issue share the same "nucleus of facts." *Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Page v. United States*, 729 F. 2d 818, 820 (D.C. Cir. 1984)).  And a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that "were or *could have been* raised in that action." *Drake*, 291 F.3d at 66 (emphasis in original), quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also Apotex, Inc. v. Food & Drug Admin.,* 393 F.3d 210, 218 (D.C. Cir.

2004).  Upon review, the Complaint filed in *Murphy I* unquestionably arises from the very same facts raised in the Complaint filed in this matter.  The final adjudication of *Murphy I*, which was affirmed by the U.S. Court of Appeals for the Fourth Circuit on January 26, 2026, *see Murphy I* at Judgment of USCA, ECF No. 14; Mandate (Mar. 20, 2026), ECF No. 15, thus bears preclusive effect on this matter.

For these reasons, the Complaint, ECF No. 1, and this case, are dismissed.[1]  A separate Order accompanies this Memorandum Opinion.

Date:   June 18, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[1]       Plaintiff is forewarned that duplicative lawsuits filed by a plaintiff proceeding IFP are also subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See Sturdza v. United Arab Emirates*, No. 09-0699, 2009 WL 1033269, at *1 n.2 (D.D.C. April 16, 2009), *aff'd*, 108 F.3d 1396 (D.C. Cir. Mar. 05, 1997); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir.1995); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir.1993)).